Filed 11/13/13  P. v. Canada CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B245822 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA398368) |
| v. | |
| STEPHEN CANADA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Craig J. Mitchell, Judge.  Dismissed.

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Stephen Canada appeals from the judgment entered following his no contest plea to one count of felony driving under the influence and his admission that he had suffered a prior serious felony conviction and had served a prior prison term. (Veh. Code, § 23152, subd. (a), Pen. Code, §§ 667, subds. (b) through (i), 1170.12, subds. (a) through (d), 667.5, subd. (b).) For the reasons explained below, we dismiss his appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

As defendant entered a plea in this matter, we present an abbreviated version of the evidence that was presented at the preliminary hearing.

On June 1, 2012, at approximately 7:10 p.m., Los Angeles Police Department Officer Alejandra Sotelo and her partner Officer Vigilant received a call from dispatch asking them to respond to the scene of a traffic accident. When she and her partner arrived, Sotelo observed a car against a light pole and defendant standing next to the vehicle.

Sotello spoke to an individual, who informed her that he was inside his home when he heard a loud noise. He went outside, saw that a car had collided with a pole, and noticed that the driver appeared to be asleep behind the wheel. The male identified defendant as the driver. Sotelo had a conversation with a second person. She told Sotelo that she was walking when she saw a vehicle almost collide with a bus. The vehicle swerved and struck a light pole. The female identified defendant as the driver of the car that struck the pole.

Sotelo observed defendant to be very sleepy. His speech was impaired, his face was flushed, and his eyes were bloodshot. She could not smell any alcohol on defendant's breath. Vigilant conducted a driving under the influence investigation.

Officer Raymond Kim is a trained drug recognition expert and has investigated cases involving people accused of driving under the influence of phencyclidine (PCP). On the evening of the accident, Kim spoke to Vigilant, who told him that defendant's speech was slurred, he was unsteady on his feet, and he appeared to be drunk. Vigilant

2

tried to have defendant perform the Romberg balance test, but defendant fell asleep. Vigilant believed that defendant was very impaired. Sotelo told Kim that defendant's blood alcohol test showed he had no alcohol in his system.

At about 9:00 p.m., Kim conducted an evaluation of defendant at the police station. After defendant performed a series of field sobriety tests, Kim concluded defendant was under the influence of an intoxicant, most likely a combination of PCP and marijuana. Kim opined that defendant was not able to operate a motor vehicle safely. Defendant provided a urine sample.

The parties stipulated that defendant's urine sample tested positive for the presence of PCP.

As noted above, defendant entered a no contest plea. Pursuant to the terms of the plea agreement, he was sentenced to five years in prison. Defendant filed a notice of appeal, stating that the appeal was based on the denial of a motion to suppress evidence pursuant to Penal Code section 1538.5 and on matters occurring after the plea. His request for a certificate of probable cause, based on the claim that the original plea offer had been withdrawn by the prosecution, was denied.

## DISCUSSION

Defendant's appellate counsel filed a brief that raised no issues and asked this court to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Counsel declared that he had sent defendant a letter advising him of the nature of the brief that was being filed. On August 5, 2013, we sent defendant a letter informing him that he had 30 days within which to file a supplemental brief raising any issues that he wished us to consider. We have received no response to date.

We have reviewed the record and conclude that no arguable issues exist. We also determine that defendant's appeal must be dismissed. Because defendant entered a no contest plea, he was required to obtain a certificate of probable cause. (Pen. Code, § 1237.5.) As pointed out above, he did not do so. There are two situations where a

3

defendant may appeal despite the failure to obtain a certificate of probable cause: (1) to challenge a ruling involving a search and seizure issue raised in the trial court; and (2) to assert errors that occurred after the entry of a guilty or no contest plea. (See *People v. Johnson* (2009) 47 Cal.4th 668, 677.) Neither applies here. Defendant did not bring a suppression motion in the superior court and he is claiming error during negotiations that occurred prior to the entry of his plea. Thus, he cannot pursue this appeal.

We are satisfied that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our independent review of the record, received effective appellate review of the judgment entered against him. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-279; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

SUZUKAWA, J.

We concur:

EPSTEIN, P. J.

WILLHITE, J.

4