Filed 3/25/14  P. v. Boyer CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B245556 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. PA070872) |
| ANDRE PIERRE BOYER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court for Los Angeles County, Cynthia L. Ulfig, Judge.  Appeal dismissed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Linda C. Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Andre Pierre Boyer filed a notice of appeal from a judgment entered following a plea agreement.  The notice of appeal indicated that the appeal is based upon both the sentence or other matters occurring after the plea that do not affect the validity of the plea, as well as matters for which a certificate of probable cause is required.  Concurrently with the notice of appeal, defendant filed with the trial court a request for certificate of probable cause.  The trial court denied his request.

In his appellant's opening brief, defendant contends the trial court obtained an inadequate *Faretta*[1] waiver because he was not advised of the potential penalties for the crimes with which he was charged; defendant also challenges the validity of the Supreme Court's decision in *Faretta*.  The Attorney General addresses the merits of these issues in the respondent's brief, but also argues that we should decline to address the issues defendant raises because he failed to obtain a certificate of probable cause.  The Attorney General is correct.

Penal Code section 1237.5[2] states that "[n]o appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, . . . except where both of the following are met:  [¶]  (a)  The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings [and]  [¶]  (b)  The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."  The California Supreme Court has recognized only two exceptions to the certificate of probable cause requirement:  "First, a defendant may appeal from a ruling involving a search and seizure issue without obtaining a certificate, because an

---

[1]     *Faretta v. California* (1975) 422 U.S. 806.

[2]     Further statutory references are to the Penal Code.

2

appeal from such a ruling explicitly is authorized by section 1538.5 'notwithstanding the fact that the judgment of conviction is predicated upon a plea of guilty.' [Citations.] Second, a defendant is 'not required to comply with the provisions of section 1237.5 where . . . he is not attempting to challenge the validity of his plea of guilty but is asserting only that errors occurred in the subsequent adversary hearings conducted by the trial court for the purpose of determining the degree of the crime and the penalty to be imposed.' [Citation.]" (*People v. Johnson* (2009) 47 Cal.4th 668, 677.)

Neither of those exceptions apply in the present case. Nevertheless, defendant argues in his reply brief that "[t]he language used by the [California Supreme] Court [in *People v. Marlow* (2004) 34 Cal.4th 131, 146] suggests that issues pertaining to counsel can be raised on appeal despite the absence of a certificate of probable cause." He is incorrect.

In *People v. Marlow*, the defendant pleaded guilty to all charges, including murder, and admitted the special circumstances allegations. In his appeal from the judgment sentencing him to death, he contended that the trial court erred in denying his *Faretta* motion. The Attorney General contended this contention was forfeited by defendant's guilty plea. The Supreme Court stated: "Although not relying on the absence of a certificate of probable cause [citations], respondent argues the claim of erroneous denial of a *Faretta* motion is not one going to the 'legality of the proceedings' and thus is not cognizable on appeal. [Citations.] We disagree. Just as a claim of denial of the right to counsel is cognizable on appeal after a guilty plea [citation], so too is a claim of *Faretta* error [citation]." (*People v. Marlow*, *supra*, 34 Cal.4th at pp. 146-147.)

The Supreme Court's language does nothing to "suggest" that a certificate of probable cause generally is not required for claims of *Faretta* error. The Court's statement that the Attorney General did not rely on the absence of the certificate

3

was simply an observation, a part of its explanation of the Attorney General's contention. The Court had no occasion to address the effect of the absence of a certificate of probable cause in *People v. Marlow* because the requirement of a certificate of probable cause does not apply to automatic appeals in capital cases. (See *People v. Massie* (1998) 19 Cal.4th 550, 568-569.) In this case, a noncapital case, the requirement strictly applies, and is a "'condition precedent' to the taking of an appeal within its scope." (*People v. Mendez* (1999) 19 Cal.4th 1084, 1098.) Therefore, because defendant failed to obtain a certificate of probable cause, we must dismiss this appeal.

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, Acting P. J.

We concur:

MANELLA, J.                    EDMON, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4