Filed 5/20/14  P. v. Villa CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARCELINO VILLA,<br><br>    Defendant and Appellant. | B252469<br><br>(Los Angeles County<br>Super. Ct. No. MA047883) |

APPEAL from an order of the Superior Court of Los Angeles County, Christopher G. Estes, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner, Executive Director, and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On March 2, 2010, defendant Marcelino Villa entered into a negotiated disposition in which he pleaded no contest to a felony violation of Penal Code section 4573.6[1] (unauthorized possession of a controlled substance in prison) and admitted a prior felony strike conviction. In return, defendant received a four-year state prison sentence.

On April 4, 2013, defendant filed a handwritten "petition for a sentence reduction," claiming he was "not familiar with the proceedings enough to understand, at that time, that the 'plea' was actually NOT the same as what attorney Hovsepyan had earlier declared [*sic*] with me." Defendant also argued that he was entitled to a reduction of his sentence under the Three Strikes Reform Act, added by Proposition 36. (§ 1170.126.)[2]

On September 19, 2013, the trial court denied defendant's "petition for modification of sentence." With regard to the March 2, 2010 negotiated disposition, the trial court stated in its September 19, 2013 order that, pursuant to the parties' agreement, it "approved the negotiated plea bargain and the defendant was sentenced to four years in state prison. [¶] The court has read and considered the transcript of the March 2, 2010 proceedings wherein the court discussed the negotiated disposition, the constitutional

---

[1]     All further statutory references are to the Penal Code.

[2]     "On November 6, 2012, voters approved Proposition 36, the Three Strikes Reform Act of 2012 (the Act). Under the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12) as it existed prior to Proposition 36, a defendant convicted of two prior serious or violent felonies would be subject to a sentence of 25 years to life upon conviction of a third felony. Under the Act, however, a defendant convicted of two prior serious or violent felonies is subject to the 25-year-to-life sentence only if the third felony is *itself* a serious or violent felony. If the third felony is not a serious or violent felony, the defendant will receive a sentence as though the defendant had only one prior serious or violent felony conviction, and is therefore a second strike, rather than a third strike, offender. The Act also provides a means whereby prisoners currently serving sentences of 25 years to life for a third felony conviction which was not a serious or violent felony may seek court review of their indeterminate sentences and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction. According to the specific language of the Act, however, a current inmate is not entitled to resentencing if it would pose an unreasonable risk of danger to public safety." (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1285-1286, fn. omitted.)

rights and consequences with the defendant.  The defendant acknowledged that he understood his rights and the consequences of his plea and admission.  [¶]  The court finds no legal basis to grant the relief requested.  Therefore, the petition for modification of sentence is denied."

On October 21, 2013, defendant filed a notice of appeal from the September 19, 2013 order denying his petition for modification of sentence.[3]

On December 12, 2013, we appointed counsel to represent defendant.  On December 13, 2013, we filed an order stating that the appeal was "limited to non-certificate issues."  (See § 1237.5; *People v. Johnson* (2009) 47 Cal.4th 668, 677-678 [no certificate of probable cause is required where the defendant is challenging errors that occurred *after* his plea was entered as to the penalty to be imposed].)  After reviewing the record, counsel filed an opening brief requesting this court to independently review the record pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441.  On

---

[3]     The question whether an appeal may be taken from the order denying a petition to recall a sentence pursuant to section 1170.126 is pending before the Supreme Court in: (1) *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708 (Second Dist., Div. Seven; order denying § 1170.126 petition is not appealable, but appellate court may treat the appeal as a petition for writ of mandate or habeas corpus); (2) *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 (Second Dist., Div. One; denial is appealable because Act confers substantial right); (3) *People v. Leggett* (2013) 219 Cal.App.4th 846, review granted December 18, 2013, S214264 (Third Dist.; order denying § 1170.126 petition is not appealable if petition was erroneously filed by individual whose sentence is based on conviction for serious or violent felony, but is appealable in all other instances); and (4) *People v. Wortham* (2013) 220 Cal.App.4th 1018, review granted January 15, 2014, S214844 (First Dist., Div. Four; order denying a § 1170.126 petition is appealable).

Most recently, in *In re Martinez* (2014) 223 Cal.App.4th 610, 614, 615, review granted May 14, 2014, S216922, the Fourth District, Division One, acknowledged this split of authority and exercised its discretion to treat the defendant's appeal as a writ of habeas corpus.  In *People v. Haynes* (Apr. 24, 2014, F067275) ___ Cal.App.4th ___ [2014 Cal. App. LEXIS 358], the Fifth District held that a denial of a request for resentencing under section 1170.126 is appealable.

Rather than add to the appealability debate while the matter is pending before our Supreme Court, we conclude that because the order is reviewable, whether by appeal or writ petition, it is appropriate to address the merits.

February 3, 2014, we directed counsel to send the record on this appeal and a copy of the opening brief to defendant. On that date, we also notified defendant that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. We have received no response from him.

We have examined the entire record and determined that defendant, who received a four-year prison sentence rather than an indeterminate sentence that falls under the provisions of section 1170.126, is not eligible for a reduction of his sentence under that statute. (See § 1170.126, subds. (b) & (e)(1).) We are satisfied that defendant's attorneys have fully complied with their responsibilities and that no arguable appellate issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

### DISPOSITION

The order is affirmed.

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

EDMON, J.[*]

We concur:

EPSTEIN, P. J.                    MANELLA, J.

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4