Filed 6/5/14  P. v. Sermeno CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

### (Butte)

----

| | |
|---|---|
| THE PEOPLE, | C072321 |
| Plaintiff and Respondent, | (Super. Ct. No. CM035385) |
| v. | |
| LARRY ALTAMIRANO SERMENO, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## PROCEDURAL AND FACTUAL BACKGROUND[1]

Defendant, Victims 1 and 2 and some other friends were drinking alcohol at Paradise High School.  Defendant took Victim 1 away from the group, hit her on the side of her head and face, grabbed her neck and hair and demanded, "Suck my dick bitch, or else."  Victim 2 saw what was happening and "came at" defendant asking, "What the fuck are you doing?"  She punched defendant in the arm and chest.  Defendant responded by repeatedly punching, kicking and choking Victim 2.  Victim 2 fought back and defendant stabbed her in the neck.  As a result of the stab wound, Victim 2 suffered a life-threatening infection and had to have open-heart surgery.  At one point she was given only a 40 percent chance of survival.

An information charged defendant with forcible oral copulation (Pen. Code, § 288a, subd. (c)(2)),[2] assault with intent to commit a felony (§ 220, subd. (a)) with the enhancement allegations that defendant used a deadly weapon (§ 12022.3, subd. (a)) and inflicted great bodily injury (§ 12022.8), and assault with a deadly weapon (§ 245, subd. (a)(1)) with the enhancement allegations that defendant personally used a deadly weapon (§ 12022, subd. (b)(1)) and personally inflicted great bodily injury (§ 12022.7, subd. (a)).

The People amended the information and defendant pleaded no contest to oral copulation of an unconscious person (§ 288a, subd. (*i*)) and assault with a deadly weapon (§ 245, subd. (a)(1)) and admitted the enhancement allegation that he had inflicted great bodily injury on the victim (§ 12022.7, subd. (a)).  Pursuant to the plea agreement, the remaining charges and enhancement allegations were dismissed.  The trial court sentenced defendant to an aggregate term of 10 years in state prison, ordered various

---

[1]  Because this matter was resolved by plea, the facts are taken from the probation report, as that served as the stipulated factual basis for the plea.

[2]  Undesignated statutory references are to the Penal Code in effect at the time of defendant's crimes.

fines and fees and awarded defendant a total of 437 days of presentence custody credit. The trial court denied defendant's request for a certificate of probable cause. (§ 1237.5.)

## *WENDE* REVIEW

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende*, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant has filed a supplemental brief contending he received ineffective assistance of trial counsel based on counsel's failure to present "the mitigating circumstance of insufficiency of evidence" at sentencing, which he claims could have resulted in a grant of probation, and counsel's failure to bring a motion to withdraw the plea. Defendant's claims on appeal are not cognizable in the absence of a certificate of probable cause.

"Even when a defendant purports to challenge only the sentence imposed, a certificate of probable cause is required if the challenge goes to an aspect of the sentence to which the defendant agreed as an integral part of a plea agreement." (*People v. Johnson* (2009) 47 Cal.4th 668, 678.) Here, by virtue of his plea, defendant admitted there was sufficient evidence to support the charges. (*People v. Marlin* (2004) 124 Cal.App.4th 559, 566-567.) Because he admitted the sufficiency of the evidence, he cannot now base an appellate challenge, even to sentencing, on its alleged insufficiency. (See *Johnson, supra,* 47 Cal.4th at p. 678.) A certificate of probable cause is also required to assert a claim of ineffective assistance of counsel in failing to present a motion to withdraw the plea. (*Id.* at pp. 684-685.)

3

We have undertaken an examination of the entire record pursuant to *Wende*, and we find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment is affirmed.

      MURRAY      , Acting P. J.

We concur:

      DUARTE      , J.

      HOCH      , J.