Filed 2/18/15  P. v. Ventura CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>OSCAR VENTURA,<br><br>    Defendant and Appellant. | B256863<br><br>(Los Angeles County<br>Super. Ct. No. GA091120) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Darrell S. Mavis, Judge.  Affirmed.

Jean Ballantine, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Oscar Ventura pleaded no contest to five counts of committing lewd and lascivious acts upon a child under the age of 14 (Pen. Code, § 288, subd. (a)).[1] He agreed to and received a sentence of 16 years in state prison, consisting of the upper term of 8 years on count 1 and consecutive one-third midterm sentences of 2 years on each of counts 2 through 5. Defendant timely appealed. We affirm.

## BACKGROUND

On October 2, 2013, defendant was charged with three counts of violating Penal Code, section 288, subdivision (a). Count 1 alleged that on or about July 21, 2013, defendant committed a lewd and lascivious act upon Perla A., a child under the age of 14. Count 2 alleged that on or about July 21, 2013, defendant committed a lewd and lascivious act upon Ruby A., a child under the age of 14. Count 3 alleged that defendant committed a second lewd and lascivious act upon Ruby A. on or about July 23, 2013.

Through counsel and with the aid of a Spanish interpreter, defendant waived his speedy preliminary hearing rights and statutory time at multiple court appearances. On March 14, 2014, defendant and the People advised the trial court that they wished to resolve the case prior to the preliminary hearing. Based on discovery they had obtained, the People moved to amend the felony complaint to add an additional two counts of lewd and lascivious conduct with Perla A. Count 4 alleged conduct occurring January 1, 2013, through April 30, 2013. Count 5 alleged conduct occurring May 1, 2013, through June 30, 2013. The People explained that they added these counts to support their offered sentence of 16 years: an upper term of 8 years on Count 1 and consecutive one-third midterm sentences of 2 years on each of counts 2 through 5. Defendant said he understood the calculation. Defendant asked if the offer could be lowered to 10 or 12 years, but agreed to the 16-year sentence when the People declined to lower the offer.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

Defendant was advised of and indicated his understanding of the rights he would be giving up by pleading no contest. He affirmatively waived his rights to a preliminary hearing and a trial. The People explained the consequences of the plea, including the strikes defendant would receive, the registration requirements that would be imposed upon him, the prohibition on the possession of firearms, and the potential effects of the plea on immigration and naturalization issues. Defendant acknowledged the consequences and affirmed that he was entering the plea freely and voluntarily. The trial court found that all of the waivers were knowingly, understandingly, and explicitly made.

Defendant pleaded no contest to all five charged counts, which the People memorialized in an amended felony complaint on the day of sentencing. Defendant's privately retained counsel joined in the waivers, concurred in the plea, and stipulated to a factual basis as outlined in the police report, the complaint, and all of the discovery he had been provided.

On April 11, 2014, the trial court sentenced defendant to a total of 16 years in state prison. Defendant received 197 days of actual credit and 29 days of good time/local conduct credit for a total of 226 days. The court imposed a restitution fine of $300 (§ 1202.4, subd. (a)), imposed and stayed a parole revocation restitution fine of $300 (§ 1202.45), and assessed court security fees of $40 per count ($200 total) (§ 1465.8) and conviction fees of $30 per count ($150 total) (Gov. Code, § 70373). The court also ordered defendant to provide DNA and handprint samples pursuant to section 296, and ordered him to register as a sex offender pursuant to section 290. The court accurately documented its oral pronouncements in the abstract of judgment.

Defendant timely filed a notice of appeal challenging the sentence or other matters occurring after the plea as well as the validity of the plea. He sought a certificate of probable cause, which the trial court denied on June 17, 2014. Because defendant failed to obtain a certificate of probable cause, this appeal is necessarily limited to noncertificate issues, namely those relating to the validity of a search and seizure, for which an appeal is provided under section 1538.5, subdivision (m), or to proceedings

3

held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed. (*People v. Johnson* (2009) 47 Cal.4th 668, 677-678; Cal. Rules of Court, rule 8.304(b)(4).)

## DISCUSSION

After reviewing the record, defendant's appointed counsel filed an opening brief asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441.

On September 17, 2014, we directed appointed counsel to send the record and a copy of the brief to appellant and notified him of his right to respond within 30 days. We received no response.

We have examined the entire record and are satisfied that no arguable issues exist, and that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-279; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

EPSTEIN, P. J.

WILLHITE, J.