Filed 11/5/15  P. v. Matias CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LUCIANO MARTIN MATIAS,<br><br>Defendant and Appellant. | F070079<br><br>(Super. Ct. No. 1464487)<br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Dawna Reeves, Judge.

Frank P. Sprouls for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Harry Joseph Colombo, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Gomes, Acting P.J., Franson, J. and Peña, J.

Appellant Luciano Martin Matias pled no contest to a misdemeanor charge of management or control of a location for the unlawful storage of marijuana (Health & Saf. Code, § 11366.5, subd. (a))[1] and was placed on probation. On appeal, Matias contends the court abused its discretion when it denied his motion to withdraw his plea. We affirm.

## FACTS

On October 9, 2013, Stanislaus County Sheriff's deputies responded to a house in Patterson, California on a report that marijuana was being cultivated there. The deputies arrived at the location and saw a moving van backed up to the garage. They knocked on the front door and Matias eventually answered. Matias told the deputies that he and three other men were at the house to perform some construction work and that they were boxing up the marijuana and placing the boxes in the garage so they could complete their work. The deputies arrested Matias and the three other men.

On October 11, 2013, the district attorney filed a complaint charging Matias with two felonies, cultivation of marijuana (count I/ § 11358) and possession for sale of marijuana (count II/ § 11359).

On January 7, 2014, Matias pled no contest to a lesser related misdemeanor charge of management or control of a location for the unlawful storage of marijuana and the remaining counts were dismissed. The court then suspended imposition of sentence, placed Matias on summary probation for three years, and ordered him to serve 30 days in custody. The minute order for Matias's change of plea hearing, in pertinent part, states that Matias was advised that his plea could result in "deportation, exclusion, or denial of naturalization[.]" Matias was represented by Attorney Randolph Daar during the hearing.

---

**1**    All further statutory references are to the Health and Safety Code unless otherwise indicated.

2.

On June 11, 2014, the U.S. Department of Homeland Security arrested Matias and issued him a notice of custody determination and a notice to appear. The notice to appear stated that he was subject to removal from the United States because of his conviction for violating section 11366.5.

On July 2, 2014, attorney Frank Sprouls filed a motion to withdraw Matias's plea pursuant to Penal Code section 1018 alleging, in pertinent part, that defense counsel Darr did not explain to Matias the immigration consequences of his plea. In a supporting declaration, Matias alleged that his defense counsel never "mentioned the immigration consequences of a conviction for [his] offense" or told him that he was negotiating an immigration safe disposition, and that he accepted his plea deal without regard for the immigration consequences of his conviction.

On August 12, 2014, at a hearing on the motion, defense counsel conceded that at the change of plea proceedings the court advised Matias that his plea might have "immigration consequences" but she argued that Matias's defense counsel, at the time, did not fully advise him of these consequences.[2] The court found that Matias had not shown good cause to withdraw his plea and denied the motion.

On September 10, 2014, Matias filed a timely appeal. The record, however, does not indicate that he obtained a certificate of probable cause.

---

[2]    The hearing on the motion to withdraw plea was recorded on an audio tape. A transcript of that tape is included in the record and it contains numerous mistakes and portions that are designated as unintelligible. The transcript identifies Deputy District Attorney Jessica Bustos as the attorney who represented the People during the hearing. It does not identify the attorney who represented Matias, but in the transcript the court refers to defense counsel on the record as "Ms. Simon." The transcript indicates that only one attorney addressed the court during the hearing and that the attorney who spoke argued that the court should grant the motion. Although the transcript identifies the attorney who spoke as attorney Bustos, we conclude from the numerous mistakes and omissions in the transcript and the arguments made during the hearing, that the attorney who spoke was defense counsel Simon, not attorney Bustos.

# DISCUSSION

Matias appears to contend that he entered his plea by mistake, ignorance, or inadvertence because his attorney did not explain to him the immigration consequences of his plea. Thus, according to Matias, the trial court's order denying his motion to withdraw plea must be reversed. We disagree.

Penal Code section 1237.5 provides:

> "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

"A defendant must obtain a certificate of probable cause in order to appeal from the denial of a motion to withdraw a guilty plea, even though such a motion involves a proceeding that occurs *after* the guilty plea." (*People v. Johnson* (2009) 47 Cal.4th 668, 679.)

Since Matias did not obtain a certificate of probable cause, his challenge to the denial of his motion to withdraw plea is not cognizable on appeal. However, even if his appeal were properly before us we would reject it.

> "On application of the defendant at any time before judgment or within six months after an order granting probation is made if entry of judgment is suspended, the court may, … for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted. .... This section shall be liberally construed to effect these objects and to promote justice." (Pen. Code, § 1018.)

> "The defendant has the burden to show, by clear and convincing evidence, that there is good cause for withdrawal of his or her guilty plea. [Citations.] 'A plea may not be withdrawn simply because the defendant has changed his [or her] mind.' [Citation.] The decision to grant or deny a motion to withdraw a guilty plea is left to the sound discretion of the trial court. [Citations.] 'A denial of the motion will not be disturbed on appeal

4.

absent a showing the court has abused its discretion.' [Citations.] 'Moreover, a reviewing court must adopt the trial court's factual findings if substantial evidence supports them.' [Citation.] [¶] To establish good cause to withdraw a guilty plea, the defendant must show by clear and convincing evidence that he or she was operating under mistake, ignorance, or any other factor overcoming the exercise of his or her free judgment, including inadvertence, fraud, or duress. [Citation.] The defendant must also show prejudice in that he or she would not have accepted the plea bargain had it not been for the mistake." (*People v. Breslin* (2012) 205 Cal.App.4th 1409, 1415-1416.)

At the hearing on the motion to withdraw plea, the only evidence Matias presented was a declaration in which he states, in pertinent part, that his defense counsel never discussed the immigration consequences of his plea with him. However, the record indicates that the court explained the immigration consequences of Matias's plea to him, including possible deportation, and he did not contend in his declaration that he did not understand these consequences. Nor does Matias contend in his declaration that he would not have entered his plea if he had been advised of the immigration consequences. Thus, the record supports the court's conclusion that Matias failed to show good cause to withdraw his plea.

Penal Code section 1016.5 requires the court to advise a defendant that "If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged *may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization* pursuant to the laws of the United States." (Pen. Code, § 1016.5, subd. (a), italics added.)

Matias contends that if giving this admonition removes a defendant's ability to withdraw his plea pursuant to Penal Code section 1018, it would "essentially render [Penal Code section] 1018 a nullity for a huge class of aliens." He also contends that because the People's argument and the court's decision suggest that having sufficient time to consult with his counsel prior to entering a plea militated against granting his motion, this "render[ed] meaningless the six months window that allows for the

5.

withdrawal of the plea in the statute." We summarily reject both contentions because Matias offers no argument or authority for their proposition (*People v. Ham* (1970) 7 Cal.App.3d 768, 783) and his second contention because it is also unintelligible. Thus, we conclude that the court did not abuse its discretion when it denied Matias's motion to withdraw plea.

## DISPOSITION

The judgment is affirmed.

6.