Filed 11/30/23 P. v. Tucker CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B326412 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA119681) |
| v. | |
| ROBERT TUCKER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Debra A. Cole, Judge. Affirmed.

A. William Bartz, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

## MEMORANDUM OPINION[1]

On November 28, 2021, law enforcement officers observed defendant Robert Tucker driving a vehicle with expired registration tags and conducted a traffic stop. Officers recognized Tucker from previous arrests and observed a pipe, used for smoking, under his legs. Tucker was detained; a search of his person revealed numerous baggies of narcotics, including cocaine base and money. A vehicle search yielded empty baggies, a bottle of pills, and a digital scale.

A felony complaint filed on May 25, 2022 charged Tucker with one count of sale/transportation/offering to sell a controlled substance. (Health & Saf. Code, § 11352, subd. (a).) The complaint also alleged, among other things, that Tucker was ineligible for probation because of convictions for eight prior felonies within the meaning of Penal Code[2] section 1203, subdivision (e)(4), and that Tucker had been convicted of several prior serious and/or violent felonies (§§ 667, subd. (d), 1170.12, subd. (b)).

On August 23, 2022, the matter proceeded to a preliminary hearing. Following a court offer in connection with an open plea, Tucker pleaded no contest that same day to count 1, namely sale/transportation/offering to sell a controlled substance. He also pleaded no contest to charges in other open cases pending against him. In accord with its pre-plea offer, the court

---

[1] We resolve this case by memorandum opinion because it "is determined by a controlling statute which is not challenged for unconstitutionality and does not present any substantial question of interpretation or application." (Cal. Stds. Jud. Amin., § 8.1(1).)

[2] All unspecified statutory references are to the Penal Code.

sentenced Tucker to 16 months imprisonment, suspended that sentence, and placed Tucker on formal probation for two years on the condition that he attend and complete a residential drug treatment program. The court also imposed various fines.

Tucker then filed a notice of appeal, purportedly based on the denial of a motion to suppress evidence under section 1538.5; his notice of appeal further requested a certificate of probable cause. Tucker's request did not include the written statement required by section 1237.5 for the issuance of a certificate of probable cause—that portion of the form was left completely blank. On March 17, 2023, this court issued an order limiting Tucker's appeal to issues that do not require a certificate of probable cause.

We appointed counsel to represent Tucker in this appeal. After reviewing the record, counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436, identifying no issues on appeal and requesting that we independently review the record to determine whether there are any arguable issues. Tucker was notified that he could submit a letter or brief stating any grounds for an appeal, or contentions or arguments that he wished this court to consider. Tucker did not submit any letter or brief.

A defendant who appeals following a plea of no contest without a certificate of probable cause may only challenge the denial of a motion to suppress evidence or raise grounds arising after the entry of the plea that do not affect the plea's validity. (§ 1237.5; Cal. Rules of Court, rule 8.304(b); *People v. Johnson* (2009) 47 Cal.4th 668, 676-677 & fn. 3.) Tucker's counsel did not make any motion to suppress evidence in this case, nor does the record indicate his counsel had grounds for any such motion. Nor does the record suggest any grounds arose after the entry of

Tucker's plea that affected its validity.  Having examined the entire record, we are satisfied that no arguable issues exist and that Tucker's attorney has complied with the responsibilities of counsel.  (*People v. Kelly* (2006) 40 Cal.4th 106, 125-126; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

4