Filed 5/21/24  P. v. Bravo CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>NICOLAS BRAVO, JR.,<br><br>        Defendant and Appellant. | A166957<br><br>(Contra Costa County<br>Super. Ct. No. 2-22-00256) |

Nicolas Bravo, Jr. appeals from his conviction by guilty plea for stalking pursuant to Penal Code section 646.9, subdivision (b).[1]  He contends that his trial counsel was ineffective for failing to seek mental health diversion on his behalf pursuant to section 1001.36, after seeing a series of text messages he sent to the victim, Jane Doe, with whom he was in the process of a divorce.  He argues that trial counsel's error was prejudicial, that the 2023 amendments to section 1001.36 are retroactive, and that his case should be remanded for further sentencing proceedings so that he can establish his eligibility for diversion.  If he successfully completes diversion, he argues, all the charges will be dismissed.

The Attorney General agrees that the changes to section 1001.36 are retroactive.  Relying, however, on our recent decision in *People v. Robinson*

---

[1] Undesignated statutory references are to the Penal Code.

(2024) 100 Cal.App.5th 133 (*Robinson*), the Attorney General contends that all of Bravo's arguments fail because he did not obtain the requisite certificate of probable cause (see § 1237.5; Cal. Rules of Court, rule 8.304(b) (Rule 8.304(b))), and in any event, Bravo has not shown that trial counsel was ineffective, let alone prejudicially so.

Seeing no reason to depart from *Robinson*, we will dismiss the appeal.

## BACKGROUND

Bravo was charged with five criminal counts arising from a series of events on May 17 and 18, 2022, and text messages he sent Doe between April 8 and May 17, 2022.

On May 17, Bravo appeared at Doe's home in violation of a domestic violence restraining order entered in the divorce proceedings. She hid in the car with her children and grandchild as he approached the front door, and then walked over and looked at her car but did not see her. He was arrested the next day, after a deputy sheriff observed him driving and initiated a traffic stop. Bravo stopped his car, but swore at officers and did not respond to their commands. He started driving again at a slow speed, and then stopped again, but still refused to comply with commands. Officers eventually arrested him.

Bravo was charged with stalking, two counts of making criminal threats, delaying a peace officer, and evading arrest, along with a probation violation and aggravating circumstances. Bravo later pled guilty to the stalking count and was sentenced to 300 days in jail, which he was deemed already to have served, plus five years' probation and a 52-week domestic violence program. The remaining counts were dismissed. The court also entered a 10-year criminal protective order in favor of Doe and the children. Bravo filed a notice of appeal and requested a certificate of probable cause.

2

The trial court denied his request, and Bravo did not seek writ review of that denial. (See *People v. Johnson* (2009) 47 Cal.4th 668, 676.)

## DISCUSSION

Bravo contends that trial counsel was ineffective for failing to seek mental health diversion for him after viewing the nature of the text messages he sent to Doe.[2] The Attorney General counters that Bravo's appeal is not cognizable because he did not obtain a certificate of probable cause, citing *Robinson*.

We agree that our reasoning in *Robinson* is also applicable here. There, applying our Supreme Court's decision in *People v. Braden* (2023) 14 Cal.5th 791 (*Braden*), we concluded that a defendant seeking mental health diversion is required to obtain a certificate of probable cause because a request for mental health diversion must be made prior to adjudication. (*Robinson, supra*, 100 Cal.App.5th at pp. 135–136.) "Adjudication," in this context, means the plea hearing. (*Id.* at p. 136.) "Thus, given the rule set forth in *Braden*, an attorney's failure to request pretrial mental health diversion cannot, by definition, be a 'matter occurring after the plea' " that is appealable without a certificate of probable cause under section 1237.5 and Rule 8.304(b). (*Robinson,* at p. 136.)

Bravo has not identified a material distinction between this case and *Robinson*. Like the defendant in *Robinson*, he argues that counsel was ineffective for failing to seek diversion. In *Robinson*, we rejected the argument that an ineffective assistance claim in this context could overcome the lack of a certificate of probable cause, because any unreasonable failure

---

[2] Bravo also argues, and the Attorney General agrees, that recent changes to section 1001.36 are retroactive. The case law is in accord. (See *People v. Brown* (2024) 101 Cal.App.5th 113, 125.) Retroactivity is not, however, material to our decision, and we do not address the issue further.

by counsel to seek mental health diversion would necessarily occur before the plea. (*Robinson*, *supra*, 100 Cal.App.5th at p. 136 & fn. 2.) Bravo has not persuaded us that *Robinson* was wrongly decided and that we should continue to follow *People v. Hill* (2021) 59 Cal.App.5th 1190. As we explained in *Robinson*, *Hill* was decided without the benefit of our Supreme Court's guidance in *Braden*. *Braden* implicitly abrogated *Hill* insofar as *Hill* interpreted a request for mental health diversion to be a matter occurring after and not affecting the validity of a defendant's plea. (*Robinson*, at p. 136 & fn. 2.) Any factual similarities between this case and *Hill* are not relevant to our legal conclusion in *Robinson*. Applying *Robinson*, therefore, we must dismiss Bravo's appeal.

## DISPOSITION

The appeal is dismissed.

GOLDMAN, J.

WE CONCUR:

BROWN, P. J.
STREETER, J.

4