Filed 3/30/26  P. v. Lopez CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARTIN LOPEZ,<br><br>    Defendant and Appellant. | B345910<br><br>(Los Angeles County<br>Super. Ct. No. 24LBCF00030) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daniel J. Lowenthal, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Martin Lopez appeals from a judgment entered after a plea. Lopez's appellate counsel has filed a brief under *People v. Wende* (1979) 25 Cal.3d 436, asking us to review the record independently.

The case arises out of events occurring on December 27, 2023. The victim testified at the preliminary hearing that she was in her car when Lopez approached her and showed her a loss prevention officer badge. Lopez had a gun. He told the victim to raise her blouse, touched her face, knees and breasts, and said, "let's go" to Tijuana. A man intervened, and the victim drove away.

Based on these events, an information charged Lopez with attempted kidnapping to commit another crime (Pen. Code,[1] §§ 664, 209, subd. (b)(1); count 1), sexual battery by restraint (§ 243.4, subd. (a); count 2), second degree robbery (§ 211; count 3), and kidnapping to commit rape, with the allegation Lopez used a firearm to commit the offense (§§ 209, subd. (b)(1), 12022.5, subd. (a); count 4).[2] The information also alleged that Lopez had two prior convictions within the meaning of the "Three Strikes" law.

On March 3, 2025, Lopez pled no contest to kidnapping with an intent to commit rape (§ 209, subd. (b)(1)) and he admitted he had a prior strike conviction under the Three Strikes law, possessed a firearm (§ 12022.5), and carried out the offense with planning, sophistication, and professionalism (Cal. Rules of

---

[1] All further undesignated statutory references are to the Penal Code.

[2] The People added count 4 by interlineation at the plea hearing.

2

Court, rule 4.421(a)(8)).  The People dismissed all remaining counts and allegations.

On March 10, 2025, the trial court sentenced Lopez to seven years to life on count 4, doubled under the Three Strikes law to 14 years to life, plus three years for the firearm enhancement.  The trial court "suspend[ed]" all court fees, imposed the sex offender fine (§ 290.3), and required Lopez to register as a sex offender (§ 290).

This appeal followed.  The trial court did not grant Lopez's request for a certificate of probable cause.

A defendant who appeals following a plea of no contest or guilty without a certificate of probable cause may only challenge the denial of a motion to suppress evidence or raise grounds arising after the entry of the plea that do not affect the plea's validity.  (§ 1237.5; Cal. Rules of Court, rule 8.304(b); *People v. Johnson* (2009) 47 Cal.4th 668, 676–677 & fn. 3.)  Lopez did not make a suppression motion below, and we discern no issue arising after entry of his plea affecting its validity.

We have examined the record and are satisfied no arguable issues exist and Lopez's attorney has complied with the responsibilities of counsel.  (*People v. Kelly* (2006) 40 Cal.4th 106, 125–126; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441–442.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

EGERTON, J.                    HANASONO, J.

4