Filed 7/23/14  P. v. Hobson CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DENEYVOUS JAYAN HOBSON,<br><br>Defendant and Appellant. | B253476<br><br>(Los Angeles County<br>Super. Ct. No. YA052531) |

APPEAL from an order of the Superior Court of Los Angeles County, Eric C. Taylor, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner, Executive Director, and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Deneyvous Jayan Hobson received a 19-year prison sentence pursuant to a plea agreement in 2003. In 2013, he moved to amend the abstract of judgment to reflect concurrent rather than consecutive sentences. The trial court denied the motion and this appeal followed. Finding no error, we affirm.

**BACKGROUND**

In 2003, defendant pleaded guilty to three counts of robbery (Pen. Code, § 211 [counts 1, 5, 12])[1] and one count of assault (§ 245, subd. (a)(1) [count 8]). He also admitted one personal weapon use allegation and three principal armed allegations. (§§ 12022.53, subd. (b), 12022, subd. (a)(1).) Pursuant to the plea agreement, he received a 19-year sentence.[2] According to both the reporter's transcript and the abstract of judgment, the terms were to run consecutively, but according to the minute order, the terms were to run concurrently.

In 2013, defendant moved to amend the abstract of judgment to conform to the minute order, which stated that the terms were to run concurrently. After reviewing the oral and written transcripts for the 2003 sentencing hearing, the trial court denied the motion, stating in its November 2013 order: "Pursuant to the plea and sentencing transcript, the terms were to run consecutively. . . . [¶] The clerk's minutes were subsequently corrected nunc pro tunc to correct the 'concurrent' entry."

---

[1]     All further statutory references are to the Penal Code.

[2]     On count 12 (robbery), defendant received a five-year base term for the robbery conviction and a 10-year term for the weapon enhancement, for a total of 15 years.
        On count 1 (robbery), defendant received a one-year term for the robbery conviction (one-third the middle term of three years) plus a four-month term for the weapon enhancement, for a total of one year and four months. Defendant received the identical sentence on count 5 (robbery).
        On count 8 (assault with a deadly weapon), defendant received a one-year term for the assault conviction (one-third the middle term of three years) plus a four-month term for the weapon enhancement, for a total of one year and four months.

Defendant appealed from the November 2013 order and we appointed counsel to represent him in the appeal. After reviewing the record, counsel filed an opening brief that requested our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441. We directed counsel to send the record and a copy of the opening brief to defendant, and we notified defendant that he had 30 days within which to submit any contentions or issues that he wished us to consider. We received no response from him.

We note that the appeal is necessarily limited to noncertificate issues, namely the denial of the postjudgment motion to correct the abstract of judgment. (See § 1237.5; *People v. Johnson* (2009) 47 Cal.4th 668, 677-678 [no certificate of probable cause is required where the defendant is challenging errors that occurred *after* his plea was entered as to the penalty to be imposed].) According to the November 2013 order, the discrepancy between the oral pronouncement of sentence (which stated that the terms are to run consecutively) and the clerk's minutes (which stated that the terms are to run concurrently) has been corrected. Because the clerk's minutes now state that the terms are to run consecutively, the written record conforms with the court's oral pronouncement that the terms are to run consecutively. (*People v. Jones* (2012) 54 Cal.4th 1, 89 [where there is a conflict between the oral and written pronouncement of sentence, the oral pronouncement of sentence shall control].) Because the discrepancy was corrected, the motion to amend the abstract of judgment was properly denied. Having examined the relevant portion of the record, we are satisfied that defendant's attorneys have fully complied with their responsibilities and that no arguable appellate issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)[3]

---

[3]    In a separate order filed concurrently herewith, defendant's petition for a writ of habeas corpus, writ of error coram nobis, and writ of mandate is dismissed as moot.

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, J.*

We concur:


WILLHITE, Acting P. J.


MANELLA, J.

---

4