Filed 12/12/14  P. v. Miller CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RONNIE MILLER,<br><br>    Defendant and Appellant. | B257144<br><br>(Los Angeles County<br>Super. Ct. No. MA062482) |

THE COURT:[*]

Defendant Ronnie Miller pled no contest to one count of making criminal threats in violation of Penal Code section 422, subdivision (a).  The trial court suspended imposition of sentence and placed him on formal probation for three years subject to various conditions including serving 190 days in the county jail, with credit for time served of 190 days.  The court also imposed fines and fees.

Defendant filed a timely notice of appeal which indicated he was appealing from "the denial of his Motion to Suppress Evidence rendered on May 29, 2014."  The motion heard and denied on May 29, 2014, was a motion to set aside the information pursuant to

---

[*]    BOREN, P.J., CHAVEZ, J., HOFFSTADT, J.

Penal Code section 995. Defendant did not apply for or receive a certificate of probable cause from the trial court pursuant to Penal Code section 1237.5.

We appointed counsel to represent appellant on appeal. After examination of the record, counsel filed an "Opening Brief" in which no issues were raised. On September 15, 2014, we advised appellant that he had 30 days within which to personally submit any contentions or issues which he wished us to consider. No response has been received to date.

Penal Code section 1237.5 and rule 8.304(b) of the California Rules of Court preclude an appeal from a judgment entered on a guilty or no contest plea unless (1) the defendant obtains a certificate of probable cause from the trial court or (2) the appeal falls within one of the two categories of grounds that do not require a certificate. Those exceptions are: "First, a defendant may appeal from a ruling involving a search and seizure issue without obtaining a certificate, because an appeal from such a ruling explicitly is authorized by section 1538.5 'notwithstanding the fact that the judgment of conviction is predicated upon a plea of guilty.' [Citations.] Second, a defendant is 'not required to comply with the provisions of section 1237.5 where . . . he is not attempting to challenge the validity of his plea of guilty but is asserting only that errors occurred in the subsequent adversary hearings conducted by the trial court for the purpose of determining the degree of the crime and the penalty to be imposed.' [Citation.]" (*People v. Johnson* (2009) 47 Cal.4th 668, 677.)

Because a challenge to the trial court's ruling on a section 995 motion is addressed to "irregularities in the preliminary examination procedures which are not jurisdictional in the fundamental sense" (*People v. Pompa-Ortiz* (1980) 27 Cal.3d 519, 529), it requires a certificate of probable cause, and is not here reviewable since appellant did not obtain such a certificate. (See *People v. Hollins* (1993) 15 Cal.App.4th 567, 571.) We have examined the entire record to determine if there is any issue present which does not require a certificate of probable cause. We are satisfied that appellant's attorney has fully

2

complied with his responsibilities and that no arguable issues exist.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.