Filed 1/13/16  P. v. Clark CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KATHLEEN CLARK,<br><br>    Defendant and Appellant. | B264903<br><br>(Los Angeles County<br>Super. Ct. No. BA433073) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Craig Veals, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

**FACTUAL AND PROCEDURAL BACKGROUND**

The People charged Kathleen Clark in an information with one count of carjacking (Pen. Code, § 215, subd. (a)) and one count of grand theft of an automobile (Pen. Code, § 487, subd. (d)(1)). Against her attorney's advice, Clark entered a negotiated plea of no contest to carjacking.[1] In accordance with the plea agreement, the trial court sentenced Clark to the middle term of five years, suspended execution of sentence, and placed Clark on five years of formal probation on condition she serve 365 days in county jail. The court imposed statutory fines, fees, and assessments, and awarded Clark 168 days of presentence custody credit (84 actual days and 84 days of conduct credit).

At the time Clark entered her plea, the court advised Clark of her constitutional rights and the nature and consequences of the plea, which Clark stated she understood. Counsel for Clark joined in the waivers of Clark's constitutional rights and stipulated to a factual basis for the plea. The trial court found a factual basis for the plea and that Clark's waivers and plea were voluntary, knowing, and intelligent.

Clark timely filed a notice of appeal purportedly limited to issues arising "after the entry of the plea, which do not challenge the validity of her plea," including Clark's specific argument that "she was misadvised as to the consequences of her plea." Clark did not obtain a certificate of probable cause.

**DISCUSSION**

We appointed counsel to represent Clark on appeal. After an examination of the record, counsel filed an opening brief raising no issues. On August 6, 2015 we attempted to advise Clark by mail to the Los Angeles County Jail that she had 30 days to submit any

---

[1] Trial counsel for Clark recommended that Clark accept the People's alternative offer of a plea to grand theft of an automobile in exchange for a three-year upper term sentence and dismissal of the carjacking count. Clark rejected this offer.

2

contentions or issues she wanted us to consider. On August 17, 2015 the letter was returned with the "Released" box checked. On September 15, 2015 we sent a notice to Clark at the Century Regional Detention Facility, again advising her she had 30 days to submit any contentions or issues she wanted us to consider. On September 28, 2015 the notice was returned by Century Regional Detention Facility and marked "Return To Sender. Not Deliverable As Addressed. Unable to Forward."[2] Handwritten on the envelope were the letters "RL," which suggest that Clark had been released.

A criminal defendant who appeals following a plea of no contest or guilty without a certificate of probable cause can only challenge the denial of a motion to suppress evidence or raise grounds arising after the entry of the plea that do not affect the plea's validity. (Cal. Rules of Court, rule 8.304(b)(4); see *People v. Johnson* (2009) 47 Cal.4th 668, 678.) By asserting she was misadvised of the consequences of her plea, Clark is seeking to challenge the validity of the plea, which she cannot do without a certificate of probable cause. (Cal. Rules of Court, rule 8.304(b)(3); see *People v. Buttram* (2003) 30 Cal.4th 773, 781 ["'a certificate is required when a defendant claims that warnings regarding the effect of a guilty plea on the right to appeal were inadequate'"].) With respect to other potential sentencing or post-plea issues that do not in substance challenge the validity of the plea itself, we have examined the record and are satisfied that appellate counsel for Clark has fully complied with her responsibilities and there are no arguable issues. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

---

[2]     When we appointed appellate counsel for Clark, we directed Clark "to keep the court informed of his/her mailing address at all times. If you move, you MUST notify the clerk of this court immediately; otherwise you may not receive important notices concerning your appeal." Clark has not provided any information regarding her current address after her apparent release from the Century Regional Detention Facility.

3

**DISPOSITION**

The judgment is affirmed.


SEGAL, J.


We concur:


PERLUSS, P. J.


ZELON, J.


4