Filed 6/14/16  P. v Cunningham CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. ANTOINETTE MARIE CUNNINGHAM, Defendant and Appellant. | B269036 (Los Angeles County Super. Ct. No. PA084023) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lloyd M. Nash and Hilleri G. Merritt, Judges.  Affirmed.

Sally Patrone Brajevich, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

## FACTUAL AND PROCEDURAL BACKGROUND

The People charged Antoinette Marie Cunningham in a felony complaint with one count of selling methamphetamine, a controlled substance, in violation of Health and Safety Code section 11379, subdivision (a), with special allegations that she had served five prior prison terms (Pen. Code, § 667.5, subd. (b)).  Cunningham entered a negotiated plea of no contest to selling methamphetamine.  At the time Cunningham entered her plea, the court advised her of her constitutional rights and the nature and consequences of the plea, which she stated she understood.  Counsel for Cunningham joined in the waivers of Cunningham's constitutional rights, concurred in the plea, and stipulated to a factual basis for the plea.  The trial court found that Cunningham's waivers and plea were voluntary, knowing, and intelligent, and that there was a factual basis for the plea based on counsel for Cunningham's stipulation.

The trial court sentenced Cunningham, in accordance with the plea agreement, to the lower term of two years to be served in county jail.  The court ordered Cunningham to pay statutory fines, fees, and assessments.  The court dismissed the special allegations on the People's motion.

Cunningham filed a timely notice of appeal, in which she checked the preprinted boxes indicating that her appeal "challeng[ed] the validity of the plea or admission," and "is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea."  In her request for a certificate of probable cause, Cunningham asserted she was wrongfully convicted of a crime she did not commit, and she felt pressured to enter a plea.  The trial court denied Cunningham's request for a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent Cunningham on appeal.  After examining the record, counsel filed an opening brief raising no issues.  On March 2, 2016 we advised

Cunningham that she had 30 days to submit any arguments or raise any issues she wanted us to consider.  We have not received a response.

A criminal defendant who appeals following a plea of no contest or guilty without a certificate of probable cause can only challenge the denial of a motion to suppress evidence or raise grounds arising after the entry of the plea that do not affect the plea's validity.  (Cal. Rules of Court, rule 8.304(b)(4); see *People v. Johnson* (2009) 47 Cal.4th 668, 678.)  To the extent Cunningham is seeking to challenge the validity of her plea and her sentence, she cannot do so without a certificate of probable cause.  (Cal. Rules of Court, rule 8.304(b)(3).)  With respect to other potential sentencing or post-plea issues that do not in substance challenge the validity of the plea, we have examined the record and are satisfied that appellate counsel for Cunningham has fully complied with her responsibilities and that there are no arguable issues.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.

SEGAL, J.

We concur:

PERLUSS, P. J.

GARNETT, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.