Filed 10/28/21  P. v. Covarrubias CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PEDRO CAMPOS COVARRUBIAS,<br><br>Defendant and Appellant. | F081693<br><br>(Super. Ct. No. MCR061948)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Madera County.  Mitchell C. Rigby, Judge.

Allan E. Junker, under appointment by the Court of Appeal, Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Jessica C. Leal, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Peña, Acting P. J., Smith, J. and Snauffer, J.

## INTRODUCTION

Appellant Pedro Campos Covarrubias pleaded guilty to three counts of committing a lewd and lascivious act against a child by means of force, violence, duress, menace and threat of great bodily harm (Pen. Code, § 288, subd. (b)(1)) in exchange for a prison term of 24 years. The prosecutor arrived at this term by selecting the middle term of eight years on all three counts. Following sentencing, the California Department of Corrections and Rehabilitation sent a letter notifying the superior court that the middle term of the applicable sentencing triad on one of the convictions—which occurred between 2009 and 2010—was six years, not eight years. Consistent with the parties' stipulated sentence, the trial court resentenced Covarrubias to the upper term of eight years on count 6, and the middle term of eight years on counts 4 and 5.

On appeal, Covarrubias contends he is entitled to have his sentenced reduced by two years, resulting in an overall prison sentence of 22 years. Covarrubias did not obtain a certificate of probable cause from the trial court upon filing his notice of appeal. His appeal is therefore dismissed.

## PROCEDURAL HISTORY

In a second amended criminal complaint, the Madera County District Attorney charged Covarrubias with lewd and lascivious act upon a child under 14 years of age (Pen. Code,[1] § 288, subd. (a), counts 1, 3, & 7), oral copulation and/or digital penetration upon a child under 10 years of age (§ 288.7, subd. (b), count 2), and lewd and lascivious act against a child by means of force, violence, duress, menace, or fear of immediate unlawful bodily injury (§ 288, subd. (b)(1), counts 4, 5, & 6).[2] As to counts 1, 3, and 7,

---

[1]    All undefined statutory citations are to the Penal Code unless otherwise indicated.

[2]    Count 6 was originally charged as a felony in violation of section 288, subdivision (a). The charge was amended at the hearing where Covarrubias entered his guilty plea.

the complaint further alleged Covarrubias had committed the charged offense against multiple victims. (§ 667.61, subds. (b) & (e).)

On July 1, 2019, Covarrubias entered a plea of guilty to counts 4, 5, and 6, a violation of section 288, subdivision (b)(1)). All other counts and allegations were dismissed in view of his plea.

The parties stipulated to a prison term of 24 years. According to the prosecutor, the midterm sentence on counts 4, 5 and 6 was eight years. Thus, the total sentence would be 24 years, "That is 8 years on the three counts times three." Defense counsel added, "That is correct, Your Honor. I was attempting to negotiate with a cap of 24, but it ultimately ended up being a stipulated 24."

On July 30, 2019, consistent with the parties' stipulated sentence, Covarrubias was sentenced to a term of 24 years in state prison.

On June 11, 2020, the California Department of Corrections and Rehabilitation (CDCR) sent the Madera County Superior Court a letter concerning Covarrubias's sentence. According to CDCR, the middle term for Covarrubias's conviction on count 6 was six years, not eight years, based upon the applicable sentencing triad from the year the crime had been committed. Counts 4 and 5 were based upon crimes occurring between 2017 and 2018, whereas count 6 was based upon a crime that occurred between 2009 and 2010.

On July, 23, 2020, at a hearing regarding CDCR's letter, the prosecutor represented that the stipulated term was 24 years in state prison. The trial court set the matter over one week to permit defense counsel to review Covarrubias's plea form.

On August 31, 2020, the parties discussed resentencing. Consistent with the parties' stipulated sentence of 24 years, the prosecutor argued Covarrubias should be resentenced to the upper term of eight years on count 6. During her argument, the prosecutor referenced an email to Covarrubias's prior defense attorney stating the offer "is … 24 years." There was no agreement between the parties that Covarrubias would

3.

receive the "middle term" on counts 4, 5, and 6. Defense counsel argued Covarrubias should receive the middle term of six years on count 6, reducing his sentence to a term of 22 years.

The trial court resentenced Covarrubias to the middle term of eight years on counts 4 and 5, and the upper term of eight years on count 6. The sentence on each count was imposed consecutively. Thus, Covarrubias was resentenced to an aggregate term of 24 years in state prison.

On September 4, 2020, Covarrubias filed a timely notice of appeal.

## FACTUAL HISTORY

We dispense with the facts of Covarrubias's crimes as they are unnecessary to resolve this appeal.

## ANALYSIS

Covarrubias contends the People agreed to the midterm sentence for each of his three convictions, and as a result, the trial court was required to resentence him to the middle term of six years on count 6. The People argue that Covarrubias's claim is barred by his failure to obtain a certificate of probable cause, and in any event, his claim lacks merit because the parties stipulated to a prison term of 24 years. We conclude Covarrubias's claim is barred by his failure to seek a certificate of probable cause.

It is undisputed that Covarrubias failed to request a certificate of probable cause from the trial court below. Pursuant to section 1237.5, "[n]o appeal shall be taken" from a judgment of conviction obtained by plea of guilty or no contest unless the defendant has filed a written statement of cognizable grounds for the appeal—grounds "going to the legality of the proceedings"—and the trial court has certified the existence of probable cause for appeal. The purpose of section 1237.5 is "to weed out frivolous and vexatious appeals from pleas of guilty or no contest, before clerical and judicial resources are wasted." (*People v. Buttram* (2003) 30 Cal.4th 773, 790.)

4.

"[A] certificate of probable cause is required if the challenge goes to an aspect of the sentence to which the defendant agreed as an integral part of a plea agreement." (*People v. Johnson* (2009) 47 Cal.4th 668, 678.) When the parties agree to a specific sentence, a defendant seeking to reduce that sentence is necessarily challenging the validity of the plea itself. Thus, such a challenge requires a certificate of probable cause. (*People v. Stamps* (2020) 9 Cal.5th 685, 694; *People v. Panizzon* (1996) 13 Cal.4th 68, 79 ["a challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself"].) On the other hand, a certificate of probable cause is not required to challenge the trial court's exercise of its sentencing discretion where the plea agreement does not specify a particular sentence. (See *People v. Buttram, supra,* 30 Cal.4th at pp. 790-791.)

Here, Covarrubias negotiated a prison sentence of 24 years. Thus, there was no exercise of discretion by the court. Covarrubias is in substance attacking an integral part of the plea, which is a challenge to the validity of the plea. (*People v. Johnson, supra,* 47 Cal.4th at pp. 678-679.) Consequently, the instant appeal is subject to the certificate requirements under section 1237.5. (*People v. Stamps, supra*, 9 Cal.5th at p. 694.) Because Covarrubias failed to obtain a certificate of probable cause, his claim is procedurally barred and his appeal must be dismissed.

Covarrubias attempts to circumvent section 1237.5's certificate requirement by arguing that he negotiated the middle term sentence on each count, rather than an overall prison sentence of 24 years. As a result, he contends he is not seeking to attack his plea; he is only attempting to enforce the sentence he was promised. His assertion is belied by the record.

When the trial court recited the terms of the parties' agreement, Covarrubias affirmatively acknowledged that he would receive a prison sentence of 24 years as a result of his plea. At resentencing, the trial court selected the upper term on count 6 to achieve a total prison term of 24 years. This is the prison sentence Covarrubias had

bargained for in exchange for the dismissal of other charges by the prosecutor.  The trial court merely reconfigured the method by which this prison term was achieved by selecting the upper term of eight years on count 6, thus, giving the parties the benefit of their bargain.

Contrary to Covarrubias's assertion, the trial court did not err by resentencing him to the exact prison term he had bargained for.  To conclude otherwise would require us to make conclusions contrary to what the parties had intended when they entered into their plea agreement, as demonstrated by the record.  It would also permit Covarrubias to " ' "to whittle down the sentence 'but otherwise leave the plea bargain intact.' " ' " (*People v. Stamps, supra*, 9 Cal.5th at p. 706.)  As Covarrubias fails to direct this court to legal authority which would support such a result, we conclude his claim is procedurally barred, and even if it were not, it is meritless.

## DISPOSITION

The appeal is dismissed.