Filed 4/28/23 P. v. PerezCanas CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B322671 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA094869) |
| v. | |
| JORGE ALBERTO PEREZCANAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daniel B. Feldstern, Judge. Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No Appearance for Plaintiff and Respondent.

———————————

## INTRODUCTION

Defendant Jorge Alberto PerezCanas pled no contest to continuous sexual abuse of a child (Pen. Code,[1] § 288.5, subd. (a)) and was sentenced to six years in prison. He appealed but did not request a certificate of probable cause regarding any appellate issues. His appellate counsel then filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), identifying no issues on appeal and requesting that we independently review the record to determine whether there are any arguable issues.

We have reviewed the record and find no arguable issues, and therefore affirm.

## BACKGROUND

In an information filed on August 12, 2021, the People charged defendant with one count of continuous sexual abuse of a child. (§ 288.5, subd. (a).) Defendant was accused of touching the victim's vagina on multiple occasions from November 2018 to July 2020. A conviction under section 288.5, subdivision (a) carries a prison term of 6, 12 or 16 years. (*Ibid*.)

On June 16, 2022, defendant waived his trial rights and pled no contest to the charge, agreeing to a six-year sentence with a waiver of pre-sentence credits. The parties stipulated to a factual basis for the plea and the court accepted defendant's plea and waivers on the record, finding them to have been knowingly, intelligently and voluntarily made. The court imposed a six-year prison sentence with a waiver of pre-sentence credits all according to the negotiated plea agreement. Also consistent with

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

the plea agreement, the court ordered defendant to make full restitution (with the amount, if any, to be determined at a later hearing), imposed a 10-year criminal protective order prohibiting defendant from contacting the victim and another named child, and ordered defendant to register as a sex offender pursuant to section 290 for life. The court additionally ordered defendant to provide a DNA sample and print impressions (§ 296) and to submit to an AIDS test (§ 1202.1). The court imposed a restitution fine in the minimum amount (§ 1202.4, subd. (b)), a sex offender fine (§ 290.3), a court operations assessment (§ 1465.8), and a court facilities assessment (Gov. Code, § 70373). The court also imposed, but stayed, a parole revocation fine. (§ 1202.45.)

Defendant filed a timely notice of appeal on August 1, 2022. The notice indicates that "[the] appeal is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea. (Cal. Rules of Court, rule 8.304(b).)"

## DISCUSSION

Defendant did not file the written statement required by section 1237.5 for issuance of a certificate of probable cause. Accordingly, on September 9, 2022, this court issued an order limiting the issues on appeal to those which do not require a certificate of probable cause under section 1237.5. A defendant who appeals following a plea of no contest or guilty without a certificate of probable cause may only challenge the denial of a motion to suppress evidence or raise grounds arising after the entry of the plea that do not affect the plea's validity. (§ 1237.5; Cal. Rules of Court, rule 8.304(b); *People v. Johnson* (2009) 47 Cal.4th 668, 676-677 & fn. 3.) Defendant did not make any motion to suppress in this case.

3

We appointed counsel to represent defendant in this appeal. After reviewing the record, counsel filed an opening brief requesting that this court independently review the record pursuant to *Wende*, *supra*, 25 Cal.3d 436. This court and defendant's counsel both advised defendant that he could file a supplemental brief stating any grounds for an appeal, or contentions or arguments which defendant wishes this court to consider. Defendant did not submit a brief.

We have examined the entire record and are satisfied that no arguable issues exist, and that defendant's attorney has complied with the responsibilities of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 125-126; *Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

4