Filed 8/25/23  P. v. Levine CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>            v.<br><br>ANDREW J. LEVINE,<br><br>    Defendant and Appellant. | A165687<br><br>(Lake County Super.<br>Ct. CR959325, 962809) |

Andrew J. Levine appeals from a judgment entered upon a negotiated disposition of two cases together in Lake County Superior Court.  Levine's appointed appellate counsel has submitted a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 requesting that we independently review the record.  Counsel has advised Levine of his right to submit a supplemental brief, and Levine has not done so.  Our independent review of the record has disclosed no issues that warrant further briefing.

## I. BACKGROUND

### A. *Case CR959325*

In December 2020, the Lake County District Attorney filed a complaint in case number CR959325 charging Levine with one count of unlawfully attempting by means of threats and violence to deter and prevent an executive officer's performance of duty, and knowingly resisting by use of

1

force and violence the officer's performance of duty, a felony (Pen. Code, § 69), and one count of knowingly escaping from a peace officer after being lawfully arrested, a misdemeanor (Pen. Code, § 836.6, subd. (b)).

Following a preliminary hearing, the trial court ordered Levine held over on the first count and dismissed the second. The prosecution subsequently filed an information alleging the one felony violation of Penal Code section 69.

### B. *Case CR962809*

In March 2022, the Lake County District Attorney filed a complaint in case number CR962809 alleging in three separate felony counts that Levine willfully failed to appear in three separate criminal cases, including CR959325 (Pen. Code, § 1320.5), and did so while released from custody on bail and his own recognizance (Pen. Code, § 12022.1).

In April 2022, Levine entered into a plea agreement pursuant to which he pleaded no contest to the one count alleged in CR959325 in exchange for a two-year county jail sentence, he pleaded no contest to the count in CR962809 alleging his willful failure to appear in exchange for an eight-month county jail sentence to run consecutive to the two-year sentence, and the remaining counts in CR962809 were dismissed. The court held a hearing, found that Levine had voluntarily, knowingly, and intelligently waived his rights, found there was a factual basis for his pleas, accepted his pleas, and convicted him of the two counts.

The probation department prepared a presentence report for the court. It analyzed Levine's eligibility for probation and for mandatory supervision. It recommended against probation because Levine was "a poor candidate for probation, [his] prior performance on probation and post-release community supervision [having] been unsatisfactory." As for mandatory supervision, the

department listed criteria for denying it in the interest of justice, including that "[t]he nature, seriousness or circumstances of the case or the defendant's past performance on supervision does substantially outweigh the benefits of supervision in promoting public safety and the defendant's successful reentry into the community upon release from custody." The department recommended imposition of a two-year, eight-month sentence in county jail consistent with the parties' plea agreement.

In May 2022, the court held a hearing to impose judgment and sentence. It indicated it had reviewed the probation department presentence report, admitted the report into evidence without objection, and said it intended to honor the parties' plea agreement and follow the recommendation of the probation department based on the plea agreement. It denied Levine's request for a delayed "turn-in date" for certain personal reasons and imposed sentence. It adjudged him guilty of both counts to which he had pleaded no contest, denied probation, and ordered him imprisoned in county jail for a middle term of two years for his felony violation of Penal Code section 69 and for one-third the middle term, or eight months, for his felony violation of Penal Code section 1320.5, to run consecutive to the two-year sentence.

The court reserved restitution in CR959325 and did not impose any fines or fees because it found that Levine did not have the ability to pay them. It awarded Levine a total of 318 days credit in CR959325 and 150 days credit in CR962809 under Penal Code sections 2900.5 and 4019. It also cautioned Levine that he was prohibited from owning, possessing, controlling, or purchasing any ammunition, firearms, or magazines.

Levine filed timely notices of appeal in CR959325 and in CR962809 on July 8, 2022. He did not file any certificates of probable cause.

The record indicates that subsequently, on August 23, 2022, Levine filed a petition for recall of sentence on the grounds that the sentencing court should have granted mandatory supervision for the final six months of his term and did not state on the record its reasons for denying mandatory supervision. In September 2022, the court held a hearing on the petition and denied it.

On October 31, 2022, the court, in a third case apparently also resolved by a plea agreement, imposed a two-year sentence in that case, to run concurrently with the two-year sentence in CR959325, resentenced Levine in CR959325 and CR962809 to the same two-year and eight-month county jail sentence, granted Levine mandatory supervision for the final 180 days of his sentence, recalculated his credits under Penal Code sections 2900.5 and 4019 in CR959325 as 316 days and in CR962809 as none, and issued the same orders as before regarding fines and fees and the other matters we have discussed.

## II. DISCUSSION

We have independently reviewed the record under *Wende* and conclude there are no issues that warrant further briefing.

Levine's appeal is limited to post-plea matters that do not affect the validity of the plea because he did not seek any certificates of probable cause under Penal Code section 1237.5 (providing that no appeal shall be taken from a judgment of conviction entered upon a no contest plea except where the defendant states under oath reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings and the court executes and files a certificate of probable cause for such an appeal). Levine agreed to his sentence as part of the parties' plea agreement. Therefore, without a certificate of probable cause, any challenge to it would be an improper

4

challenge to the plea itself.  (See *People v. Panizzon* (1996) 13 Cal.4th 68, 77–78; *People v. Johnson* (2009) 47 Cal.4th 668, 678–679.)

To the extent Levine might complain that the court failed to grant or properly consider his eligibility for mandatory supervision at his initial sentencing hearing, such issues have become moot as a result of his subsequent resentencing in October 2022, in which he was granted mandatory supervision for the final 180 days of his sentence.  (See *Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479 ["[A]n appeal should be dismissed as moot when the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief"].)  Further, any issues Levine might have regarding his October 2022 resentencing are not before this court in this appeal.

## III. DISPOSITION

The judgment is affirmed.

STREETER, J.

WE CONCUR:

BROWN, P. J.
GOLDMAN, J.