Filed 1/3/24  P. v. Hedrington CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>ESMOND BENITO HEDRINGTON,<br><br>  Defendant and Appellant. | F085738<br><br>(Super. Ct. No. MCR064476)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Madera County.  D. Lynn Collet, Judge.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

* Before Franson, Acting P. J., Meehan, J. and Snauffer, J.

## STATEMENT OF APPEALABILITY

This appeal is from a final judgment following a guilty plea which disposed of all issues between the parties.  (Pen. Code § 1237, subd. (a).)[1]

## STATEMENT OF THE CASE

On February 28, 2020, a preliminary hearing was held in Department 23 of the Madera County Superior Court after which Hedrington was held to answer.

On March 3, 2020, the District Attorney filed an information charging Hedrington with sale or transportation of a controlled substance (Health & Saf. Code, § 13379, subd. (a); count 1) and possession for sale of a controlled substance (methamphetamine) (Health & Saf. Code, § 11378); count 2).  It was further alleged as to counts 1 and 2 that Hedrington had suffered a prior conviction in 1984 that qualified as a strike with the meaning of sections 667, subdivisions (b) through (i) and 1170.12.

On July 22, 2022, Hedrington waived his constitutional rights, pled guilty to attempted possession for sale of a controlled substance (§ 664; Health & Saf. Code, § 11378), and admitted the strike allegation.  He did so with the promise of a two-year prison sentence.

On August 18, 2022, the superior court heard and denied Hedrington's *Marsden*[2] motion.  The attorney appearing with him noted that he was not the attorney who appeared when Hedrington pled guilty.  That attorney was absent due to a medical issue. Hedrington asserted that counsel had failed to file section 1538.5 and 1385 motions, as requested.  Counsel believed that there was not a good faith basis for making a motion to suppress.  In addition, Hedrington's *Romero*[3] motion was denied.  The court denied the *Marsden* motion.  Back in open court, Hedrington indicated that he wished to withdraw

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

[3] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

his plea.  The court then reconsidered the *Marsden* motion and granted it.  The court then appointed the Madera Alternate Defense.

On December 21, 2023, the court appointed Alex Martin to investigate whether Hedrington had a basis for making a motion to withdraw his plea.  On January 17, 2023, Martin was relieved because of a conflict and Sam Luton was appointed.

On February 2, 2023, defense counsel made a motion to dismiss under section 1385, subdivision (c)(3) and consider granting probation or imposing a sixteen-month sentence.  The superior court denied the defense motion, finding that it did not have authority under section 1385, subdivision (c)(3) because a strike is not an enhancement and because Hedrington had agreed to a two-year sentence.  The court sentenced Hedrington to the mid-term of two years and awarded total presentence credit of 437 days.  The court assessed various appropriate fines and fees.

Hedrington filed a timely notice of appeal purporting to challenge the validity of his plea.  Hedrington requested a certificate of probable cause based on misadvice from original counsel and the trial court's conclusion that it lacked discretion to modify the strike.  The superior court denied the request.

## STATEMENT OF FACTS[4]

On August 26, 2019, Madera County Deputy Sheriff Majeski stopped Hedrington for driving in the middle of the road.  When the deputy made contact, he observed a spoon in plain sight containing a white crystalline substance that appeared to be methamphetamine.  A subsequent K-9 search turned up a clear plastic baggie containing methamphetamine in the center console.  The deputy also found a small digital scale.

## APPELLATE COURT REVIEW

Hedrington's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the

---

[4] The facts are drawn from the February 28, 2020, preliminary hearing transcript.

record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes the declaration of appellate counsel indicating Hedrington was advised he could file his own brief with this court. By letter on August 30, 2023, we invited Hedrington to submit additional briefing. To date, he has not done so.

Penal Code section 1237.5 states that no appeal may be taken from a plea of guilty or no contest without first filing a written statement "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings" and the trial court has executed and filed a certificate of probable cause for such appeal. (§ 1237.5, subds. (a) & (b); see also Cal. Rules of Court, rule 8.304(b)(1)(A).) Here, the trial court denied Hedrington's request for a certificate of probable cause. A trial court's denial of an application for a certificate of probable cause must be reviewed by a petition for writ of mandate. (*People v. Johnson* (2009) 47 Cal.4th 668, 676.) Hedrington has not petitioned for nor obtained such writ relief, and thus issues concerning the validity of his plea are not cognizable.

With no certificate of probable cause, our review is limited "to issues that do not require a certificate of probable cause." (Cal. Rules of Court, rule 8.304(b)(3); see rule 8.304(b)(2) [listing the issues that do not require certificate of probable cause].)

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Hedrington.

## DISPOSITION

The judgment is affirmed.

4.