Filed 12/18/24  P. v. Summey CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| THE PEOPLE, | C099586 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CR2897702) |
| v. | |
| CHACE MCKENIZE SUMMEY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Chace McKenize Summey asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant pled no contest to two misdemeanor drug offenses, and the trial court sentenced him to probation.  Defendant appealed from the trial court's denial of his motion to vacate his pleas and has filed a supplemental brief arguing his pleas were not knowing and voluntary due to coercion and the withholding and destruction of exculpatory evidence.  Because defendant has not obtained a certificate of probable cause pursuant to Penal Code section 1237.5, we cannot address

1

these issues on appeal.  (*People v. Johnson* (2009) 47 Cal.4th 668, 679.)  And having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2019, the People charged defendant with four offenses.  In 2020, the People added an additional charge and an enhancement.  In 2023, defendant pled no contest to two misdemeanors: cultivation of marijuana in violation of Health and Safety Code section 11358, subdivision (c) and possession of marijuana for sale in violation of Health and Safety Code section 11359, subdivision (b).

The trial court ensured defendant had read and understood the plea agreement and its consequences before signing it.  Defendant stated that he had not been promised anything other than the terms of the plea agreement and had not been forced to agree to the deal.  The court also ensured defendant understood he was waiving his rights to a jury trial, to call and cross-examine witnesses, and to avoid self-incrimination.  The plea form also explained these rights, and defendant initialed to indicate he understood and waived each right.  Defendant's attorney stipulated in writing that the police reports contained a factual basis for defendant's pleas.  Accordingly, the court found defendant had entered his pleas knowingly and voluntarily.

The plea agreement called for a stipulated sentence of two years on informal probation with conditions, including serving 45 days in jail, paying a $150 restitution fine, $80 in court operations assessments, and $60 in conviction assessments.  The trial court dismissed all remaining counts and two additional cases against defendant and then imposed the stipulated sentence.

Two months later, defendant filed a motion seeking to withdraw his pleas, contending his counsel had been ineffective by failing to investigate his case and advising him to take the plea deal.  The trial court then held a hearing and determined that

2

defendant's counsel was effective and that defendant knowingly and intelligently entered into the plea agreement.  (See *People v. Marsden* (1970) 2 Cal.3d 118, 123-126.)

Defendant then asked to represent himself, and the trial court granted his request and relieved defense counsel.  (See *Faretta v. California* (1975) 422 U.S. 806, 835-836.) Defendant filed another motion to withdraw his plea, contending he had obtained video footage showing the marijuana plants were not as big as the police report indicated and this new evidence would have led him to go to trial instead of accepting the plea agreement.  The People argued that the record of the plea hearing demonstrated that defendant had freely and voluntarily entered his plea.  The court denied defendant's second motion, finding defendant entered his plea voluntarily and no new evidence existed.

Defendant timely appealed from the denial of his second motion.  Defendant requested a certificate of probable cause, but the trial court did not grant one.

## DISCUSSION

Defendant contends his pleas were not knowing and voluntary due to coercion and the withholding and destruction of exculpatory evidence.  We cannot address these contentions because defendant has not obtained a certificate of probable cause.  Under Penal Code section 1237.5, "[a] defendant must obtain a certificate of probable cause in order to appeal from the denial of a motion to withdraw a guilty plea." (*People v. Johnson, supra*, 47 Cal.4th at p. 679.)  And having examined the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

3

## DISPOSITION

The judgment is affirmed.


                                              /s/
                                              MESIWALA, J.


We concur:


/s/
ROBIE, Acting P. J.


/s/
MAURO, J.

4