Filed 2/6/25  P. v. Colbourn CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE, | C100493 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 23CF01429, 23CF01436) |
| v. | |
| ORRIN TYLER COLBOURN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Orrin Tyler Colbourn asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Defendant filed a supplemental brief arguing (1) the trial court did not honor his plea agreement, (2) his plea is not supported by the underlying facts, (3) he is entitled to relief under Senate Bill No. 567 (Stats. 2021, ch. 731 (2021-2022 Reg. Sess.)), (4) the trial court erred in imposing fines and assessments without determining his ability to pay, and (5) this court should review his presentence credit.  Based on our review of defendant's contentions and the entire record, we find no arguable error that would result in a disposition more favorable to defendant. We will affirm the judgment.

1

In case No. 23CF01429 (the vehicle theft case), defendant took a truck and trailer while the owner was at a carnival. The People charged defendant with driving or taking a vehicle without consent. (Veh. Code, § 10851, subd. (a).)

In case No. 23CF01436 (the hit and run case), a person was standing in a parking area next to a boat trailer. Defendant drove into the boat trailer as he left the parking area, pushing the person back several feet. The People charged defendant with assault with a deadly weapon and hit and run driving resulting in death or serious injury. (Pen. Code, § 245, subd. (a)(1); Veh. Code, § 20001, subd. (b)(2).)[1] The People further alleged the assault was a serious felony and that defendant personally inflicted great bodily injury upon the victim. (§§ 1192.7, subd. (c), 12022.7, subd. (a).)

In the hit and run case, defendant pleaded no contest to hit and run driving resulting in death or serious injury. (Veh. Code, § 20001, subd. (b)(2).) In the vehicle theft case, defendant pleaded no contest to driving or taking a car without consent. (Veh. Code, § 10851, subd. (a).) On a form titled "Factual Basis Stipulation and Waivers (Aggravating and Mitigating Factors)," defendant initialed a box next to the following sentence: "I understand that the court cannot impose a sentence exceeding the middle term unless there are circumstances in aggravation justifying a greater term. I understand that I have the right to a jury trial or court trial where any facts underlying an aggravating circumstance must be proven beyond a reasonable doubt." Defendant also initialed a box giving up that right and authorizing the trial court to find aggravating factors based on the face of the complaint, the probable cause declaration, and police reports.

The trial court found circumstances in aggravation that outweighed circumstances in mitigation. Among other things, it found that defendant's hit and run involved violence as provided in California Rules of Court, rule 4.421(a). The trial court

---

[1] Undesignated statutory references are to the Penal Code.

sentenced defendant to the upper term of four years for the hit and run and a consecutive one third the middle term of eight months for the vehicle theft. Without objection, the trial court imposed on each count a $300 restitution fine (§ 1202.4), a $300 parole revocation fine (§ 1202.45), a $40 court operations assessment, and a $30 conviction assessment. In case No. 23PCS01455, a case that is not part of this appeal, defendant admitted violating parole. The trial court terminated parole and sentenced defendant to a concurrent 180 days.

Defendant did not obtain a certificate of probable cause.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. Defendant filed a supplemental brief.

## A

Defendant contends the trial court did not honor his plea agreement. He appears to claim that the agreement said the charges in the hit and run case would be reduced to a non-violent and non-serious hit and run because the victim had been driving on the wrong side of the road. But our review of the record finds no support for defendant's contention. In the hit and run case, defendant pleaded no contest to hit and run driving resulting in death or serious injury. (Veh. Code, § 20001, subd. (b)(2).) The plea agreement indicated the charge of assault with a deadly weapon with infliction of great bodily injury (§§ 245, subd. (a)(1), 12022.7, subd. (a)) would be dismissed. The trial court sentenced defendant consistent with the plea agreement.

## B

Defendant next contends his plea is not supported by the underlying facts. He states he was driving the speed limit, was properly licensed, and it was the victim

3

who was driving on the wrong side of the road and fired shots at him. It appears defendant is challenging the facts underlying his plea.

Defendant's failure to obtain a certificate of probable case prevents us from considering his contention. A criminal defendant who appeals following a no contest plea without obtaining a certificate of probable cause can only challenge the denial of a motion to suppress evidence (§ 1538.5, subd. (m)) or raise grounds arising after the entry of the plea that do not affect the validity of the plea. (*People v. Johnson* (2009) 47 Cal.4th 668, 676-677; Cal. Rules of Court, rule 8.304(b)(3).) Defendant's claim does not fall into either of those categories and thus may not be raised without a certificate of probable cause. (§ 1237.5; *People v. Cole* (2001) 88 Cal.App.4th 850, 867.)

C

In addition, defendant contends he is entitled to relief under Senate Bill No. 567.

Effective January 1, 2022, Senate Bill No. 567 amended section 1170 to limit the trial court's discretion to impose a sentence greater than the middle term. (§ 1170, subd. (b)(1), (2), as amended by Stats. 2021, ch. 731, § 1.3.) To impose a sentence beyond the middle term, the sentence must be justified by at least one aggravating factor, and the facts supporting the aggravating factor must have been stipulated to by defendant, found true beyond a reasonable doubt by the trier of fact, or, for prior convictions, established by a certified record of conviction. (§ 1170, subd. (b)(1)-(3), as amended by Stats. 2021, ch. 731, § 1.3.)

In his plea agreement, defendant expressly waived the right to a jury or court trial for the determination of aggravating factors, and he authorized the trial court to find aggravating factors based on the face of the complaint, the probable cause declaration, and police reports. In sentencing defendant to the upper term for the hit and run, the trial court found, among other things, that defendant's hit and run involved great violence as provided in California Rules of Court, rule 4.421(a)(1). Even if it was error to make such a determination on this record, any error was harmless because the trier of fact would

4

have found, beyond a reasonable doubt, that defendant's hit and run involved great violence.

D

Defendant further contends the trial court erred in imposing fines and assessments without determining his ability to pay. But defendant did not object to the imposition of the fines and assessments at sentencing or request a hearing to assess his ability to pay. His appellate contention is forfeited. (*People v. Greeley* (2021) 70 Cal.App.5th 609, 624.)

E

Finally, defendant asked us to review his presentence credit. We have done so and have found no error.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

      /S/         

MAURO, J.

We concur:

    /S/      

ROBIE, Acting P. J.

    /S/      

WISEMAN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.