Filed 11/24/25  P. v. Rivastrinidad CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B343701 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA512436) |
| v. | |
| MIGUEL ANGEL RIVASTRINIDAD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard Kemalyan, Judge.  Affirmed.

Gerald J. Miller, under appointment by the Court of Appeal, and Miguel Angel Rivastrinidad, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2023, the Los Angeles County District Attorney's Office filed the operative, second amended information charging defendant Miguel Angel Rivastrinidad (defendant) with attempted murder (Pen. Code, §§ 664/187, subd. (a)),[1] and shooting from a motor vehicle (§ 26100, subd. (c)).  As to the attempted murder charge, it was further alleged defendant personally inflicted great bodily injury upon the victim (§ 12022.7, subd. (a)) and personally used a firearm (§ 12022.5, subd. (a)).  Prior to trial, defendant pled no contest to attempted murder and admitted to the great bodily injury and firearm enhancement allegations.

On September 12, 2024, the trial court granted defendant's request to represent himself for purposes of sentencing.  On November 8, 2024, defendant filed a motion to withdraw his plea, contending it was the result of duress.  He asserted his counsel "pushed" him to accept the plea deal by stating defendant would lose at trial and would get a life sentence.  In addition, defendant's counsel told defendant that after entering the plea, he would deposit money in his inmate account.  The People filed an opposition, arguing that defendant provided no evidence of duress aside from his self-serving statements.  On November 22, 2024, the trial court denied the motion.  The court then sentenced defendant, pursuant to the plea agreement, to a total of 15 years in state prison.  Defendant filed a notice of appeal and requested a certificate of probable cause.  His request was denied.

We appointed counsel to represent defendant on appeal, and counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case and a summary of the facts and asking us to conduct an

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

independent review of the record.  Counsel's brief raised a potential issue for our consideration: whether the court erred in determining that defendant had failed to meet his burden to establish that his plea of no contest was not knowing, intelligent, and/or voluntary.  We offered defendant an opportunity to file a personal supplemental brief, and he did so, reiterating many of the arguments he made at the hearing on his motion to withdraw his plea.

We have no certificate of probable cause in this case.  (See § 1237.5.)  A defendant must obtain a certificate of probable cause in order to challenge on appeal the denial of a motion to withdraw a guilty plea.  (*People v. Johnson* (2009) 47 Cal.4th 668, 679.)  We see no basis for an appellate challenge to either the plea or sentence.  (See Cal. Rules of Court, rule 8.304(b).)  We have reviewed the entire record and are satisfied that defendant's attorney has fully complied with the responsibilities of counsel, and that no arguable issues exist.  (See *Wende, supra*, 25 Cal.3d at p. 441.)


**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



ZUKIN, P. J.

We concur:



TAMZARIAN, J.                              VAN ROOYEN, J.*

---

*Judge of the San Luis Obispo Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3